PHILLIP A. TALBERT
Acting United States Attorney
JOSH F. SIGAL
Special Assistant United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:15-CR-00177-GEB |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY |
| JASON MATECKI, | |
| Defendant. | |

The United States of America and defendant Jason Matecki, through their counsel of record, hereby agree and stipulate as follows:

1. On August 20, 2015, a grand jury in this district indicted defendant Jason Matecki, charging him with: Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and MDMA, in violation of 21 U.S.C. §§ 846 and 841(a)(1); Count Two: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); and Count Three: Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841(a)(1). The indictment alleged further, that upon defendant Jason Matecki's conviction, certain property would be subject to forfeiture to the United States, including the following:

    a.    Real property located at 3750 South Las Vegas Boulevard, Unit 2701, Las Vegas, Nevada, APN: 162-20-712-032,

    b.    Real property located at 1369 Santona Street, Manteca, California, APN: 224-540-04,

   c. Approximately $10,451.00 in U.S. Currency,

   d. A Cashier's Check in the amount of $5,500.00 made payable to Jason Matecki Wholesale, and

   e. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendant is convicted.

 2. Jason Matecki is the recorded owner of the real property located at 3750 South Las Vegas Boulevard, Unit 2701, Las Vegas, Nevada, APN: 162-20-712-032, and more fully described in Exhibit A attached hereto (hereafter the "real property" or "Las Vegas property").

 3. The parties stipulate that based on the information they have, no other persons or entities have an interest in the real property.

 4. On April 8, 2016, the United States and defendant Jason Matecki entered into a plea agreement in which the defendant agreed to forfeit his right, title, and interest in the below-described assets pursuant to 21 U.S.C. § 853, to be disposed of according to law:

   a. Real property located at 3750 South Las Vegas Boulevard, Unit 2701, Las Vegas, Nevada, APN: 162-20-712-032;

   b. Approximately $10,451.00 in U.S. Currency; and

   c. A cashier's check in the amount of $5,500.00 made payable to Jason Matecki Wholesale.

A Preliminary Order of Forfeiture was entered on April 21, 2016, forfeiting defendant Jason Matecki's interest in the above-listed assets.

The parties agree and hereby stipulate that an order should be entered granting an interlocutory sale of the Las Vegas property as follows:

 1. The real property located at 3750 South Las Vegas Boulevard, Unit 2701, Las Vegas, Nevada, APN: 162-20-712-032 will be sold by Award Realty Corporation or its designee, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.

 2. A sales offer in the amount of $630,000.00 for the real property has been agreed to by the United States. Escrow is estimated to close by the end of June 2016. The buyer of the real property is Timothy Hopkins.

3. The Title/Escrow Officer shall be instructed to send a check made payable to the U.S. Customs and Border Protection in the amount of the net proceeds from the sale of the real property to the U.S. Attorney's Office, Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA  95814.

4. The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

   a. Real estate commissions;

   b. Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;

   c. Real estate property taxes which are due and owing;

   d. Insurance costs, if any;

   e. Title fees;

   f. HOA fees;

   g. Escrow fees and expenses; and

   h. County transfer taxes.

5. All of the net proceeds from the sale of the real property shall be sent in the form of a check made payable to the U.S. Customs and Border Protection and sent to the U.S. Attorney's Office at the above address, at the close of escrow, to be deposited in the Seized Asset Deposit Fund.  Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

6. The Title/Escrow Company shall forward paperwork regarding the completed sale of the above-described real property to the United States at the close of escrow.

7. The United States agrees to execute a Notice of Withdrawal of Lis Pendens against the above-described real property in connection with the above-entitled action, upon request by Title/Escrow Company.

8. If the above-described sale to Timothy Hopkins is not completed by June 30, 2016, Award Realty Corporation, or its designee, shall be authorized to sell the real property to another buyer(s) in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  All sale offers must be agreed to in writing by the U.S. Attorney's Office.  If the real property has not been sold by Award Realty Corporation, or its designee, by October 31, 2016, then the U.S. Customs and Border

Protection shall have authority to market and sale the real property in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.

9. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

10. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and/or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11. Defendant Jason Matecki shall maintain the real property in the same condition and repair as existed on the date of recording of the Lis Pendens, normal wear and tear excepted, until his custody, control, and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

12. Defendant Jason Matecki shall maintain all insurance policies currently in effect with respect to the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the real property.

13. Except as specifically provided herein, defendant Jason Matecki shall not convey, transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the United States.

14. All parties are to bear their own costs and attorneys' fees.

15. The Court shall maintain jurisdiction to enforce the terms of the Stipulation and Order Regarding Interlocutory Sale of Real Property.

IT IS SO STIPULATED

Dated: 6/3/2016

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 6/01/16

/s/ Jason Matecki
JASON MATECKI
Defendant

ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        )
                           )
County of San Joaquin      )

On June 1st, 2016, before me, Arielle Jaimee Hoffman, Notary Public, personally appeared, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature /s/ Arielle Jaimee Hoffman

Dated: 6/3/16

/s/ Thomas Johnson
THOMAS JOHNSON
Attorney for Defendant
Jason Matecki

ARIELLE JAIMEE HOFFMAN
Commission #2145516
Notary Public - California
San Joaquin Country
My Comm. Expires Mar 7, 2020

## ORDER FOR INTERLOCUTORY SALE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re interlocutory sale of the real property is granted.

2. The real property located at 3750 South Las Vegas Boulevard, Unit 2701, Las Vegas, Nevada, APN: 162-20-712-032, and more fully described in Exhibit A attached hereto, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the U.S. Customs and Border Protection, pending further order of the Court.

IT IS SO ORDERED.

Dated:  June 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

## EXHIBIT A

**PARCEL ONE (1):**

UNIT 2701 IN THE RESORT CONDOMINIUM AT THE LUXURY BUILDING, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE RESORT CONDOMINIUM AT THE LUXURY BUILDING, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142, PAGE 38 OF PLATS (THE "MAP"), AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE RESIDENCES AT MANDARIN ORIENTAL, LAS VEGAS (THE "DECLARATION"), RECORDED DECEMBER 31, 2009 IN BOOK 20091231 AS INST. NO. 04016, BOTH IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (THE "OFFICIAL RECORDS").

**PARCEL TWO (2):**

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF THE RESORT CONDOMINIUM AT THE LUXURY BUILDING (INCLUDING ANY ANNEXATIONS THERETO), AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARATION.

**PARCEL THREE (3):**

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION AND AS SHOWN AND DELINEATED UPON THE MAP REFERRED TO ABOVE.

**PARCEL FOUR (4):**

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ALL AS DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN: (A) DECLARATION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED ON DECEMBER 1, 2009 IN THE OFFICIAL RECORDS IN BOOK 20091201, INST. NO. 0002884, AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED ON JANUARY 7, 2010 IN THE OFFICIAL RECORDS IN BOOK 20100107, INST. NO. 0000577; (B) RECIPROCAL EASEMENT AGREEMENT FOR LUXURY BUILDING, DATED DECEMBER 3l, 2009 AND RECORDED ON DECEMBER 31, 2009 IN THE OFFICIAL RECORDS IN BOOK 20091231, INST. NO. 03507; (C) PARKING AND ACCESS AGREEMENT, DATED DECEMBER 31, 2009 AND RECORDED ON DECEMBER 31, 2009 IN THE OFFICIAL RECORDS IN BOOK 2009l23l, INST. NO. 02320; (D) ACCESS EASEMENT AGREEMENT, DATED DECEMBER 31, 2009 AND RECORDED ON DECEMBER 31, 2009 IN THE OFFICIAL RECORDS IN BOOK 2009l231, INST. NO. 02321; (E) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED ON DECEMBER 1, 2009 IN THE OFFICIAL RECORDS IN BOOK 20091201, INST. NO. 0002885, AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED ON JANUARY 7, 2010 IN THE OFFICIAL RECORDS IN BOOK 20100107, INST. NO. 0000578; AND (F) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS,

DATED DECEMBER 1, 2009 AND RECORDED ON DECEMBER 1, 2009 IN THE OFFICIAL RECORDS IN BOOK 20091201, INST. NO. 0002886, AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED ON JANUARY 7, 2010 IN THE OFFICIAL RECORDS IN BOOK 20100107, INST. NO. 0000579.

APN: 162-20-712-032