UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON MATECKI,<br><br>Defendant. | No. 2:15-cr-00177-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jason Matecki's ("Defendant") "Request for Consideration." (ECF No. 140.) The Government did not file an opposition. For the reasons set forth below, the Court DENIES Defendant's request.

On April 8, 2016, Defendant pleaded guilty to possession with intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1). (ECF No. 48.) On October 27, 2017, Senior District Judge Garland E. Burrell Jr. sentenced Defendant to a 75-month term of imprisonment and a 36-month term of supervised release. (ECF No. 132.) Defendant, proceeding *pro se*, filed the instant request on March 23, 2020. (ECF No. 140.)

At the outset, Defendant fails to cite any statutory basis for his request. As such, it is unclear what type of relief Defendant seeks. Defendant states he was notified in January 2018 that because the Court applied a two-level increase at sentencing for possession of a firearm

1

1  during the drug offense pursuant to U.S.S.G § 2D1.1(b)(1), Defendant was ineligible for early
2  release through the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP").
3  (ECF No. 140 at 1.)  Defendant then spends much of his motion challenging the two-level firearm
4  enhancement.  (*See id.* at 2–3.)  Defendant also states the Government filed two 5K1.1 motions
5  prior to sentencing: one that offered a 40-percent reduction of Defendant's sentence if the Court
6  included the firearm enhancement; and one that offered a 30-percent reduction if the Court did
7  *not* include the firearm enhancement.  (*Id.* at 2.)  Defendant seeks "some form of correction"
8  because he believes he received only a 30-percent reduction.  (*Id.* at 4.)  In other words, it appears
9  that Defendant believes he is entitled to a 40-percent reduction of his sentence based on the fact
10 that the Court applied the firearm enhancement.

11      Despite Defendant's assertion, there is no evidence Defendant was entitled to a 40-percent
12 reduction.  The record reflects the Government filed only one 5K1.1 motion with the Court.  In
13 that motion, the Government correctly noted that in the absence of a reduction, Defendant faced
14 an advisory guideline range of 135 to 168 months of imprisonment based on a total offense level
15 of 33 and a criminal history category I.  Defendant's offense level of 33 included the two-level
16 firearm enhancement.  The Government recommended a 30-percent downward departure from
17 the low-end of the applicable guideline range to a sentence of 94 months.  The Court ultimately
18 sentenced Defendant to 75 months.  It remains unclear to the Court why Defendant believes he is
19 entitled to any correction or further reduction.

20      To the extent Defendant argues his sentence was "imposed in violation of the . . . laws of
21 the United States, or . . . in excess of the maximum authorized by law," the Court construes
22 Defendant's request as a motion to correct his sentence under 28 U.S.C. § 2255 ("§ 2255").
23 However, § 2255 establishes a one-year limitation period.  *See* U.S.C. 28 § 2255(f).  As noted,
24 Defendant was sentenced on October 27, 2017.  Defendant filed the instant motion on March 23,
25 2020, well over a year after his judgment of conviction became final.  Accordingly, Defendant's
26 motion is time-barred and must be denied.
27 ///
28 ///

1       For the foregoing reasons, the Court hereby DENIES Defendant's Request for

2 Consideration.  (ECF No. 140.)

3       IT IS SO ORDERED.

4 DATED:  May 14, 2020

                                                       Troy L. Nunley  
                                                       United States District Judge